UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ALVIN GLASGOW,

    Petitioner,

v.                                          Case No: 5:22-cv-65-TPB-PRL

WARDEN, FCC COLEMAN –
LOW,

    Respondent.
_____

**ORDER DENYING PETITIONER'S FEDERAL RULE OF CIVIL PROCEDURE 59(e) MOTION FOR RECONSIDERTION**

On March 3, 2022, the Court dismissed Petitioner's 28 U.S.C. § 2241 Petition and this case without prejudice (Doc. 5). Judgment was entered on March 4, 2022 (Doc. 6). Before the Court is Petitioner's Motion for Reconsideration of Order of Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 7). Petitioner requests that the Court reconsider its finding that § 2241 is not the proper vehicle to raise his claim that he is "actually innocent" of the crime for which he was convicted (*id.*).

Rule 59(e) affords the Court discretion to reconsider an order which it has entered. *See Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[] discovered evidence or manifest

errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling without any manifest error of law or fact. *Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005); *see also O'Neal*, 958 F.2d at 1047.

Petitioner has not asserted viable grounds to warrant the Court's reconsideration of its March 3, 2022, Order dismissing the Petition and this case without prejudice. He simply reiterates the same arguments he raised in his Petition. The Court finds that Petitioner's assertions do not support reconsideration under Rule 59(e). Petitioner simply disagrees with the Court's ruling and wants a favorable ruling, but not for any basis which might fall under Rule 59(e).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    Petitioner's Motion for Reconsideration of Order of Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 7) is **DENIED**.

2.    Petitioner's Request to Take Judicial Notice Pursuant to Federal Rule of Evidence 201(c)(2) (Doc. 8) is **STRICKEN**. This case remains closed.

3. If Petitioner appeals the Court's denial of his Rule 59(e) Motion, the Court denies a certificate of appealability.[1] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk of Court** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Tampa, Florida, this 15th day of September, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

Jax-7

C:   Alvin Glasgow, #85699-083

---

[1] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.